IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL PATRICK BURNETT,            )
                                     )
                    Plaintiff,       )
                                     )
            v.                       )        1:22CV479
                                     )
OFFICE OF THE SHERIFF/D.O.N, et al,  )
                                     )
                    Defendants.      )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on two motions—a motion to dismiss pursuant to Rule 12(b)(4) and Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by NaphCare, Inc. ("NaphCare") (Docket Entry 18)[1], and a separate Rule 12(b)(6) motion to dismiss filed by Defendants Lt. Richards and Corp. Sands (collectively "Defendant Officers") (Docket Entry 22). Plaintiff Michael Patrick Burnett has responded to both motions. (Docket Entries 26, 30.) For the following reasons, the undersigned recommends that NaphCare Inc.'s and Defendant Officers' motions to dismiss be granted. The undersigned also recommends that

---

[1] NaphCare argues that it should be dismissed from the action pursuant to Rule 12(b)(4) because Plaintiff did not identify NaphCare as a named defendant in the case caption nor did Plaintiff list NaphCare as a defendant. (Docket Entries 18, 19.) Thus, NaphCare contends that it was improper process for Plaintiff to obtain a summons directed to NaphCare. (*Id.*) Federal Rule of Civil Procedure 4(a)(1)(B) requires that a summons "be directed to the defendant." "[A] defendant may move to dismiss under Rule 12(b)(4) because the entity named in the process is different from the entity named in the complaint." *Chandler v. Maynard*, 3:22CV94, 2023 WL 3234318, at *2 (E.D. Va. May 3, 2023) (unpublished). The summons issued to NaphCare also includes the "Director of Nurses" (Docket Entry 8), whom Plaintiff names in an official capacity. While NaphCare presents meritorious arguments for dismissal under Rule 12(b)(4), for the sake of argument, the undersigned presumes that Plaintiff intended to name NaphCare as a defendant. Because the undersigned finds grounds for dismissal under Rule 12(b)(6), the undersigned need not further address NaphCare's arguments under Rule 12(b)(4).

1

Defendant "Office of the Sheriff/ D.O.N" Director of Nurses, Defendant Officer Hood, and Defendant Officer Bogner be dismissed from the action.

## I. BACKGROUND[2]

Plaintiff, a *pro se* pretrial detainee proceeding *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983 on June 21, 2022. (Compl., Docket Entry 2; *see also* Docket Entries 1, 3.) In the Complaint, Plaintiff contends that the "Office of the Sheriff/ D.O.N" Director of Nurses, Officer Hood, Lt. Richards, Corp. Sands, and Officer Bogner, in their official capacities only, violated his Fourth, Eighth, and Fourteenth Amendment rights. (*See generally* Compl.) He also alleges that Defendants were employed by the Forsyth Office of the Sheriff and that "medical works for NaphCare." (Compl. at 4.)[3]

Furthermore, Plaintiff alleges that on June 5, 2022, while detained at the Forsyth County Detention Center ("FCDC"), he was moved to the special housing unit because an officer who dislikes him called a "signal (7)" against him, which means a "fight." (*Id.*) On that date, between 2 p.m. and 4 p.m., Plaintiff informed Defendant Officer Hood, during rounds, that Plaintiff was dizzy, had fainted, fallen, and hit his head, and that his chest was tight and hurting. (*Id.* at 5.) Defendant Officer Hood looked at Plaintiff through the cell window and kept walking. (*Id.*) Plaintiff then hit the medical emergency call button inside of his cell. (*Id.*) Defendant Bogner looked toward Plaintiff's cell, wherein Plaintiff waived to him that he needed help. (*Id.*) However, Defendant Bogner had a "personal vendetta" against

---

[2]The undersigned notes that Plaintiff has only checked the official capacity box for each of the named defendants. (*See* Compl.)
[3]Unless otherwise noted, all citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Plaintiff because Plaintiff had written a grievance against Defendant Bogner. (*Id.*) As such, Defendants Officer Hood and Bogner, "maliciously ignored" Plaintiff's plea for medical attention. (*Id.*)

Thereafter, Plaintiff again asked Defendant Officer Hood during several of the following rounds to do a charge call for medical attention, but Defendant Hood ignored Plaintiff, even though he was still dizzy and having chest pain. (*Id.*) Then during a subsequent round, Plaintiff again sought medical care and stated that "fucked up, you won[']t get me any medical attention, but as soon as someone says 'I'm gonna kill myself,' y'all come and strip him ass naked and leave him in a cell to freeze to death." (*Id.*) Then, "on purpose" Defendant Officer Hood alerted Defendants Lt. Richards and Corp. Sands, and "SRT's" that Plaintiff was trying to commit suicide, even though Plaintiff was not. (*Id.*)

After Defendant Officer Hood made that call, no one cared about Plaintiff's condition, as the only focus was to strip Plaintiff "butt naked" and to put him in a suicide cell, so that Plaintiff "could freeze to death." (*Id.*) Plaintiff informed Defendants Corp. Sands and Lt. Richards that he was not suicidal and that he never said he would kill himself. (*Id.*) He further explained to Defendants Corp. Sands and Lt. Richards that Defendant Officer Hood and Bogner refused to call medical after Plaintiff fell and hit his head. (*Id.*) Thereafter, Plaintiff alleges that he saw medical "briefly" and the nurse stated that Plaintiff was dehydrated. (*Id.*) Plaintiff was then told to "strip butt naked" but Plaintiff refused, and Plaintiff begged Defendants not to make him do so. (*Id.*) However, the officers slammed Plaintiff to the ground and ripped his clothes off in front of female officers, even though Plaintiff kept telling them that he needed medical attention. (*Id.* at 5, 7.)

Additionally, during this time Defendants Lt. Richards, Officer Hood, and Officer Bogner were "very aggressive" towards Plaintiff. (*Id.* at 7.) Specifically, they seemed to be "having fun" twisting Plaintiff up, putting their knees on Plaintiff's back, and slamming Plaintiff's head on the ground. (*Id.*) Defendant Lt. Richards fractured Plaintiff's knuckle and finger, and Plaintiff screamed and kicked in pain. (*Id.*) After the officers left, Plaintiff laid down on a cold mattress with no sheets and blankets. (*Id.*) Later that day, when Plaintiff woke up, he stood up in pain and felt "very dizzy," and hit the call button, but no one came. (*Id.*) During Defendant Officer Bogner's next round, Plaintiff informed Defendant Officer Bogner that he did not feel well and asked if he could call medical, and Defendant Officer Bogner agreed to do so. (*Id.*) Thereafter, Plaintiff was woken up by paramedics and correctional officers who informed him that he had a "melatoma" on his forehead the size of a baseball. (*Id.*)

Plaintiff was then transferred to the Wake Forest Baptist Medical Hospital and was discharged on June 7, 2022. (*Id.*) While in the hospital, Plaintiff was told that he had a concussion, high blood pressure, a heart flutter, a torn rotator cuff, and torn ligaments. (*Id.*) After returning to FCDC, he was informed that he had to return to suicide watch, but he refused. (*Id.*) As a result, another officer called mental health services to speak with Plaintiff and he was cleared. (*Id.*) However, Plaintiff was moved to the special housing unit instead of the medical unit. (*Id.* at 9.) Since June 7, 2022, Plaintiff has not had any medical attention, and he fears that his heart could stop again due to his high blood pressure. (*Id.*) Plaintiff continues to write to medical, but does not receive any responses, and he has been provided "Zanaflex," but that medication does not help. (*Id.*) Plaintiff also fears dying at FCDC due

4

to staff assaulting him and "medical negligence." (*Id.*) On June 11, 2022, Plaintiff was put in a cell where nobody can see or hear him. (*Id.*)

Additionally, Plaintiff alleges that Officer Britton in the medical unit does not like him because that officer is transgender, and Plaintiff thought she was a man. (*Id.*) Plaintiff also alleges that he had $80 of commissary in his cell that went missing and that officers at FCDC do not like him because of the previous actions he has filed. (*Id.*) Plaintiff further alleges that he now has "major back pain" and neck pain. (*Id.* at 6.) For relief, he seeks damages. (*Id.*)

Thereafter, summonses were issued and served to "NaphCare/Director of Nurses," "Lt. Richardson," and Corporal Sands. (Docket Entries 8, 10.) However, a summons for Defendant Officer Hood was returned unexecuted (Docket Entry 9), and a summons was not issued for Defendant Officer Bogner (Docket Entry 6). Subsequently, NaphCare filed a motion to dismiss and supporting brief. (Docket Entries 18, 19.) Then Defendant Officers filed their motion to dismiss and supporting brief. (Docket Entries 22, 23.) The Clerk of Court issued two *Roseboro* letters to Plaintiff advising him of his right to respond to the motions to dismiss. (*See* Docket Entries 24, 25.) Plaintiff filed responses to the motions to dismiss. (Docket Entries 26, 30.) Plaintiff also filed a document titled "Statement of Claims," essentially reasserting his allegations in the Complaint, and including additional allegations pertaining to, *inter alia*, Plaintiff informing Defendants that he could not feel the left side of his body; and that he was assaulted by officers for "15 to 30 min[utes]" when they were placing him on suicide watch. (Docket Entry 33.)[4]

---

[4]The undersigned notes that in the document titled "Statement of Claims," Plaintiff alleges that a "Lt. Richardson" was involved, and the summons was issued to "Lt. Richardson." (*See* Docket

5

## II. DISCUSSION

### A. <u>NaphCare and Defendant Officers' Motions to Dismiss</u>

NaphCare and Defendant Officers contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted. (Docket Entries 18, 19, 22, 23.) A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of . . . factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it

---

Entries 8, 33.) However, based on the allegations in the Complaint, the undersigned interprets "Lt. Richardson," and Lt. Richards to be the same individual. (*See* Compl.)

plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the Court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

**A. NaphCare's Motion to Dismiss**

In the present case, NaphCare argues that to the extent the Court construes Plaintiff as naming NaphCare as a defendant in this action, NaphCare should be dismissed because Plaintiff fails to allege any specific allegations regarding the medical treatment NaphCare or any of its employees provided was deliberately indifferent to Plaintiff's serious medical needs. (Docket Entries 18, 19.) However, in response Plaintiff asserts additional allegations pertaining to NaphCare's involvement in this action, and states that his "purpose" in involving

7

NaphCare is to show and prove all medical diagnosis that resulted from the alleged constitutional violations by FCDC officers. (*See* Docket Entry 26.) [5] In reply, NaphCare contends, *inter alia*, that Plaintiff's attempt to add new allegations without first amending the Complaint is not proper procedure in accordance with Rule 15 of the Federal Rules of Civil Procedure; and that Plaintiff fails to present any facts with any sufficient particularity that show NaphCare's deliberate indifference toward Plaintiff's medical care. (Docket Entry 29.)

Here, the undersigned concludes that to the extent Plaintiff intends to name NaphCare as a Defendant, it should be dismissed from the action. Even assuming Plaintiff naming the Director of Nurses and his allegations regarding the conduct of the "nurse" and "medical" could be liberally construed as raising a constitutional claim for inadequate medical care against NaphCare, as it appears in his response in opposition, such a claim would fail. (*See generally* Compl.; Docket Entry 26.) "[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Thus, "a private corporation is not liable under § 1983 for torts committed by [its employees] when such liability is predicated solely upon a theory of *respondeat superior*." *Id.*

---

[5] In Plaintiff's response in opposition, he raises new allegations against a NaphCare nurse who diagnosed him as being "only dehydrated," which Plaintiff alleges was a misdiagnosis and shows negligence, as his high blood pressure and heart flutter could have been prevented had the NaphCare nurse made the proper diagnosis. (*See* Docket Entry 26.) "It is well-established, however, that 'the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Dawkins v. Staley*, No. 1:22CV299, 2023 WL 1069745, at *2 n.3 (M.D.N.C. Jan. 27, 2023) (unpublished) (citations omitted); *see also Maher v. Thomson*, No. 7:21CV143, 2021 WL 6072566, at *3 (W.D. Va. Dec. 23, 2021) (unpublished) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). Accordingly, the undersigned will not consider these new allegations and contentions.

Here, Plaintiff's Complaint merely alleges that he saw a nurse prior to being placed on suicide watch, who stated that he was dehydrated; that he was continuously writing medical but not receiving responses; and that the medicine he was provided was not helping. (Compl. at 5, 9.) However, NaphCare cannot be liable on a theory of *respondeat superior* under § 1983 to the extent those allegations suggest unlawful conduct of the nurse or any medical staff who may have been its employee. *See Austin*, 195 F.3d at 728. Plaintiff has also made no allegations concerning a policy or custom of NaphCare that caused his alleged deprivation of rights, which he must do to prevail on a constitutional claim against a private corporation. *Id.* Absent such allegations and to the extent he attempts to raise any claim against NaphCare, it should be dismissed. Therefore, NaphCare's motion to dismiss should be granted for the reasons stated above.

**B. Defendant Officers' Motion to Dismiss**

Defendant Officers contend, *inter alia*, that Plaintiff fails to state a claim against them in their official capacities because he fails to identify any policy or custom on behalf of the Sheriff's Office that caused him any injury. (*See generally* Docket Entries 23, 31.) Plaintiff filed a response in opposition essentially reasserting his allegations in the Complaint as well as adding new allegations pertaining to the June 5, 2022 incident. (*See* Docket Entry 30.)[6]

---

[6] The undersigned notes that Plaintiff filed his response in opposition as an affidavit, and included new allegations regarding the June 5, 2022 incident. (*See* Docket Entry 30.) As the undersigned previously noted "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Dawkins*, 2023 WL 1069745, at *2 n.3. Accordingly, the undersigned will not consider these new allegations and contentions. However, the undersigned notes that in Plaintiff's response, he alleges that Defendant Officers alerted medical, picked him up since Plaintiff was unable to walk on his own, and carried him to the medical area, seeming to contradict his allegations in the Complaint that they denied or delayed his medical care. (Docket Entry 30 at 4.)

9

However, Plaintiff does not address Defendant Officers' arguments regarding failing to state any official capacity claims against them. (*Id.*)

Upon further review, the undersigned concludes that Plaintiff's Complaint fails to state a claim against Defendant Officers. As previously stated, to survive a motion to dismiss, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Additionally, a plaintiff suing government officials in their official capacities, "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). However, a governmental entity is only liable if a policy or custom of that entity played a part in the violation of federal law. *Pratt-Miller v. Arthur*, 701 F. App'x 191, 193 (4th Cir. 2017) (unpublished per curiam). In keeping with these principles, Plaintiff's official-capacity claims against Defendant Officers are actually claims against the Forsyth County Sheriff's Office. *See McNeill v. Scott*, No. 1:09CV698, 2015 WL 4946542, at *7 (M.D.N.C. Aug. 19, 2015) (unpublished), *report and recommendation adopted*, 2015 WL 5599194 (M.D.N.C. Sept. 22, 2015) (unpublished). As such, Plaintiff fails to state official-capacity claims against Defendant Officers, given that he does not proffer allegations suggesting that a Forsyth County Sheriff's Office policy or custom caused Defendant Officers to allegedly place him in a suicide watch cell "butt naked" even though he explained to them that he was not suicidal; to aggressively remove Plaintiff's clothes, i.e., twisting his body, putting their knees on his back, slamming his head on the ground, fracturing his right finger; to remove his clothes

10

in front of female officers; or to ignore his requests for medical assistance. (*See generally* Compl.) Therefore, Defendant Officers' motion to dismiss should be granted for this reason.[7]

## C. Remaining Defendants[8]

Plaintiff also names as defendants "Office of the Sheriff/ D.O.N" Director of Nurses, Officer Hood, and Officer Bogner in their official capacities only. (*See* Compl.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m); *see also Mack v. Jackson*, No. 9:18CV1081, 2021 WL 822328, at *1 (D.S.C. Jan. 11, 2021) (unpublished) (same), *report and recommendation adopted*, 2021 WL 613827 (D.S.C. Feb. 16, 2021) (unpublished).

---

[7]The undersigned notes that Plaintiff alleged in the Complaint that he told Defendant Officer Hood, "that fucked up, you won[']t get me any medical attention, but as soon as someone says 'I'm gonna kill myself,' y'all come and strip him ass naked and leave him in a cell to freeze to death." (Compl. at 5.) Plaintiff also alleges that this is the second instance he has been stripped naked in front of a female officer. (*Id.* at 7.) However, the undersigned does not find that these allegations indicate that Defendants acted pursuant to a Forsyth County Sheriff's Office policy or custom regarding the treatment of detainees. *See Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (municipal policy may be found in written ordinances and regulations, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens; a municipal custom may arise if a practice is so "persistent and widespread" and "so permanent and well settled as to constitute a 'custom or usage' with the force of law") (citation omitted).

[8]Even if Defendants "Office of the Sheriff/D.O.N." Director of Nurses, Officer Hood, and Officer Bogner had been identified and served, Plaintiff nonetheless fails to state a claim against these defendants, given that he names them in their official capacities only. As previously stated, official capacity claims represent another way of pleading an action against an entity of which an officer is an agent. *Kentucky*, 473 U.S. at 165. However, a governmental entity is only liable if a policy or custom of that entity played a part in the violation of federal law. *Pratt-Miller*, 701 F. App'x at 193. Here, as previously discussed, Plaintiff fails to allege any facts indicating that a Forsyth County Sheriff's Office policy or custom caused any of the alleged violations. Therefore, Plaintiff fails to state a claim against Defendants "Office of the Sheriff/D.O.N." Director of Nurses, Officer Hood, and Officer Bogner.

11

Here, Plaintiff filed the Complaint on June 21, 2022. (*See* Compl.) However, "Office of the Sheriff/ D.O.N" Director of Nurses, Officer Hood, and Officer Bogner have not been served as of today's date, which is well beyond the ninety-day requirement of Rule 4(m). (*See* Docket Entries 6, 9.) Furthermore, the Court warned Plaintiff that dismissal of the action would result as to all unserved defendants after ninety days from the filing of the Complaint. (*See* Docket Entry 4.) Thus, given that Plaintiff has failed to serve Defendant "Office of the Sheriff/D.O.N" Director of Nurses, Defendant Officer Hood, and Defendant Officer Bogner within the time specified in Rule 4(m), the undersigned recommends their dismissal from the action.

### III. CONCLUSION[9]

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that NaphCare Inc.'s motion to dismiss (Docket Entry 18) be **GRANTED** for failure to state a claim and that any claims against NaphCare Inc. be dismissed without prejudice.

**IT IS FURTHER RECOMMENDED** that Defendant Lt. Richards and Corp. Sands's motion to dismiss (Docket Entry 22) be **GRANTED** and that the claims against Defendant Lt. Richards and Corp. Sands be dismissed without prejudice.

**IT IS FURTHER RECOMMENDED** that Defendants "Office of the Sheriff/ D.O.N" Director of Nurses, Officer Hood, and Officer Bogner be **DISMISSED** without prejudice.

/s/ Joe L. Webster
United States Magistrate Judge

---

[9] To the extent Plaintiff requests for the Court to obtain his medical records (*see* Docket Entries 26, 30), that request will be denied, given that the undersigned recommends dismissal of the action.

July 31, 2023
Durham, North Carolina